1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REY ANTONIO RODRIGUEZ,                    No.  2:23-cv-0451 DB P

12                      Plaintiff,

13           v.                                  ORDER

14    COUNTY OF SACRAMENTO, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42

18    U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28

19    U.S.C. § 1915.  For the reasons set forth below, this court grants plaintiff's motion to proceed in

20    forma pauperis, finds plaintiff states a cognizable claim for relief against one defendant, and finds

21    plaintiff fails to state any other claims for relief.  Plaintiff will be given the choice of proceeding

22    immediately on the cognizable claim or amending the complaint.

23                                    **IN FORMA PAUPERIS**

24          Plaintiff was an inmate at the Sacramento County Jail when he filed this action.  Plaintiff

25    submitted the application to proceed in forma pauperis but failed to obtain a certification from jail

26    staff regarding the money in his trust account.  Plaintiff explained that, because he was due to be

27    transferred out of the jail within days, he did not have time to obtain that certification.  Based on

28    plaintiff's changed circumstances and the passage of time, this court will accept plaintiff's

                                                   1

declaration regarding the amount of money in his account at the time he filed this action as the sole basis for his application.  See 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

1   the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

2   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

3        However, in order to survive dismissal for failure to state a claim a complaint must

4   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

5   factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

6   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

7   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

8   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

9   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10       The Civil Rights Act under which this action was filed provides as follows:

11           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
12           of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
13           or other proper proceeding for redress.

14   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

17   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

18   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

19   an act which he is legally required to do that causes the deprivation of which complaint is made."

20   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21   **II. Discussion**

22       **A. Plaintiff's Allegations**

23       Plaintiff is incarcerated at North Kern State Prison.  He complains of conduct that

24   occurred when he was an inmate at the Sacramento County Jail in 2023.  Plaintiff identifies the

25   following defendants:  (1) Sacramento County; (2) the Sacramento County Sheriff's Department;

26   (3) "County Medical Provider;" (4) John Doe Doctor #1, the "in training" doctor; (5) John Doe

27   Doctor #2, the "senior" doctor; (6) Sheriff's Deputies Fritz, Krieg, Singh, Aguilar, and Marrs; and

28   (7) an unnamed deputy.

3

Plaintiff alleges the following.  In January 2023, he was a pretrial detainee at the Jail.  On January 1, 2023, defendants Sacramento County and Sheriff's Department moved 1100 inmates from the Rio Consumnes Correctional Center to the Jail.  None of those inmates was tested for Covid-19 before being transferred.  Due to the transfer, plaintiff and many other inmates were forced to house in close proximity in the day room for over a week.  Plaintiff was there from January 1 to January 7, 2023.  Over sixty inmates shared one bathroom, which was filthy.

At the same time, the Jail placed new arrestees in the general population without quarantining them as the Jail had done previously and without testing them for Covid-19.

On January 12, 2023, plaintiff tested positive for Covid-19.  He was moved to a quarantine pod where he was only allowed out of his cell for 15 minutes a day.

From December 29, 2022 to January 20, 2023, plaintiff had a stomach condition that caused him excruciating pain.  Defendants Fritz, Krieg, Singh, Aguilar, Marrs, and the "County Medical Care Provider," were all made aware of plaintiff's illness through verbal communication, requests for medical care, grievances, and plaintiff pushing the medical emergency button.  All these defendants failed to take any action to help him for two weeks.  When he was seen by Doctor John Doe #1, the doctor informed him that he was "in training" and after a brief visit, sent plaintiff back to his cell.  The doctor told plaintiff to seek medical attention if he did not improve.

Plaintiff was seen by Doctor John Doe #2, the senior doctor, a week after seeing the first one.  Without testing, the doctor diagnosed plaintiff with hemorrhoids and irritable bowel syndrome.

**B.  Does Plaintiff state Cognizable Claims for Relief?**

Plaintiff appears to be stating two claims.  In the first, plaintiff alleges defendants failed to protect him from a serious risk to his health.  In the second, plaintiff alleges defendants failed to address his serious medical needs.

Because plaintiff was a pretrial detainee at the time of the events complained of, his claims arise under the Fourteenth Amendment.  The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim are:

////

4

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (footnote, internal citations and punctuation omitted).  Plaintiff's allegations that he was knowingly placed in conditions that exposed him to Covid-19 are adequate to state a Fourteenth Amendment claim. While this court can reasonably infer that the Sacramento County Sheriff, who is responsible for the county's detention facilities, was involved in the decision to place inmates in close proximity to one another during the pandemic, plaintiff fails to demonstrate that the County of Sacramento is appropriately named as a defendant.  The fact that the Sheriff runs one department in the County does not necessarily establish a link between the County and the harm plaintiff complains of.

To state a Fourteenth Amendment claim regarding medical care, a detainee must allege facts showing that he had a serious medical need, that each defendant knew of that need, and that each defendant acted unreasonably.  See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018).  Plaintiff fails to provide sufficient information about the involvement of each individual deputy.  He makes the same general allegations about each one.  If plaintiff wishes to state a claim against the deputies, he must show how each one was made aware of his stomach illness, just what each one did in response, and why that response was unreasonable.

With respect to the medical defendants, plaintiff fails to show how the county's "Medical Provider" was involved in the care decisions made by doctors.  Moreover, section 1983 claims must generally be directed at a person, not an entity.  With respect to the individual doctors,

plaintiff's facts show only that they dealt with him summarily.  The allegations do not show that their conduct was medically inappropriate.  The fact that plaintiff may have had a difference of opinion about the care he should have received, is not sufficient to support a claim that the doctors' conduct fell below the standard of care.  Plaintiff's claims based on his medical care will be dismissed with leave to amend.

### CONCLUSION

This court finds above that plaintiff states a cognizable claim against the Sacramento County Sheriff for failure to protect.  This court further finds that plaintiff fails to state any other claims.

Plaintiff has a choice.  He may proceed on his Fourteenth Amendment claim against the Sheriff or he may amend the complaint to attempt to also state other claims.  Plaintiff is warned that in any amended complaint he must include all claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

////

6

1   official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

2   266, 268 (9th Cir. 1982) (citations omitted).

3       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

4   Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

5   Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

8   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

12  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14      An amended complaint must be complete in itself without reference to any prior pleading.

15  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

16  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

17  evidentiary support for his allegations, and for violation of this rule the court may impose

18  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19      For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

20  follows:

21      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

22      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

23  is assessed an initial partial filing fee in accordance with the provisions of 28U.S.C. §1915(b)(1).

24  All fees shall be collected and paid in accordance with this court's order to the Director of the

25  California Department of Corrections and Rehabilitation filed concurrently herewith.

26      3.  Plaintiff has stated a cognizable Fourteenth Amendment claim against defendant

27  Sacramento County Sheriff.

28      4.  Plaintiff's other claims are dismissed with leave to amend.

1     5.  Plaintiff may choose to proceed on his cognizable claim set out above or he may

2  choose to amend his complaint.  If plaintiff chooses to proceed on his cognizable claim in the

3  complaint, he shall voluntarily dismiss his other claims and defendants.

4     6.  Within thirty days of the date of this order, plaintiff shall fill out and return the

5  attached form indicating how he would like to proceed in this action.

6     7.  Plaintiff is warned that his failure to comply with this order will result in a

7  recommendation that this action be dismissed.

8  Dated:  July 30, 2024

9

10

11                                                    DEBORAH BARNES
                                                      UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23  DLB:9
    DB prisoner inbox/civil rights/S/rodr0451.scrn LTA or proceed
24

25

26

27

28

8

1
2
3
4
5
6                     UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    REY ANTONIO RODRIGUEZ,              No.  2:23-cv-0451 DB P

10                 Plaintiff,

11        v.                             PLAINTIFF'S NOTICE ON HOW TO
                                         PROCEED
12   COUNTY OF SACRAMENTO, et al.,

13                 Defendants.

14

15   Check one:

16   _____   Plaintiff wants to proceed immediately on his Fourteenth Amendment claim against

17           defendant Sacramento County Sheriff.   Plaintiff understands that by going forward

18           without amending the complaint he is voluntarily dismissing all other claims and

19           defendants.

20

21   _____   Plaintiff wants to amend the complaint.

22

23   DATED:_____

24

25

26                                      _____
                                        Rey Antonio Rodriguez, Plaintiff
27

28

                                          9