1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REY ANTONIO RODRIGUEZ,                    No.  2:23-cv-00451 SCR P

12              Plaintiff,

13        v.                                    ORDER AND FINDINGS &
                                                RECOMMENDATIONS
14    COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17        Plaintiff was incarcerated in a county jail and proceeds pro se and in forma pauperis with

18    a civil rights action under 42 U.S.C. § 1983.  Pending before the undersigned is movant[1]

19    Sacramento County Sheriff's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

20    (ECF No. 20).  For the reasons set forth below, the undersigned recommends the motion be

21    granted.  In addition, upon sua sponte reconsideration of the screening order (ECF No. 8), the

22    undersigned finds plaintiff's complaint states a cognizable Fourteenth Amendment claim against

23    defendant Sacramento County Sheriff's Department and will direct service of the complaint.

24                          **PROCEDURAL BACKGROUND**

25        Plaintiff's complaint concerns events that occurred when he was a pretrial detainee at the

26    Sacramento County Main Jail.  (ECF No. 1.)  Plaintiff identifies as defendants: (1) Sacramento

27

28    [1]  The court uses the term movant because, as explained *infra*, plaintiff did not name the
      Sacramento County Sheriff as a defendant in his complaint.

                                              1

County; (2) the Sacramento County Sheriff's Department; (3) "County Medical Provider;" (4) John Doe Doctor #1, the "in training" doctor; (5) John Doe Doctor #2, the "senior" doctor; (6) Sheriff's Deputies Fritz, Krieg, Singh, Aguilar, and Marrs; and (7) an unnamed deputy.

Plaintiff alleges that on January 1, 2023, defendants Sacramento County and Sacramento County Sheriff's Department moved 1100 inmates from the Rio Consumnes Correctional Center to the Jail.  (Id. at 5.)  None of the inmates was tested for Covid-19 before being transferred.  (Id. at 6.)  Due to the transfer, plaintiff and many other inmates were forced to house in close proximity in the dayroom for over a week.  Plaintiff was there from January 1 to January 7, 2023. Over sixty inmates shared one bathroom, which was "disgusting."  (Id.)  At the same time, the Jail placed new arrestees in the general population without quarantining them, as the Jail had done previously, and without testing them for Covid-19.  (Id. at 7.)  On January 12, 2023, plaintiff tested positive for Covid-19.  He was moved to a quarantine pod where he was only allowed out of his cell for 15 minutes a day.  (Id.)

Plaintiff further alleges that from December 29, 2022, to January 20, 2023, he had a stomach condition that caused excruciating pain.  (ECF No. 1 at 8.)  Defendants Fritz, Krieg, Singh, Aguilar, Marrs, and "County Medical Care Provider," were all aware of plaintiff's illness but failed to take any action to help him for two weeks.  (Id. at 8.)  After a brief visit, Doctor John Doe #1 sent plaintiff back to his cell and told him to seek medical attention if he did not improve. Plaintiff was seen by Doctor John Doe #2, the senior doctor, a week later. Without testing, the doctor diagnosed plaintiff with hemorrhoids and irritable bowel syndrome.  (Id.)

The previously assigned magistrate judge screened plaintiff's complaint under 28 U.S.C. § 1915A and determined it stated a cognizable Fourteenth Amendment failure to protect from serious risk to health claim against the Sacramento County Sheriff, but no other cognizable claims.  (ECF No. 8.)  Plaintiff was given the option to proceed with his cognizable claim or to file an amended complaint.  (Id. at 7-8.)  Plaintiff elected to proceed on his Fourteenth Amendment claim.  (ECF No. 13.)

////

////

2

1

**MOVANT'S MOTION TO DISMISS**

2          Movant Sacramento County Sheriff moves to dismiss plaintiff's complaint for failure to

3   state a claim upon which relief can be granted.  (ECF No. 20.)  Movant maintains that the court

4   ordered service against him as an individual even though plaintiff did not name him as defendant.

5   (Id. at 2.)  Because the complaint neither names him as a defendant nor alleges his personal

6   participation in any of the underlying events, movant maintains dismissal is appropriate under

7   Rule 12(b)(6) with leave to amend.  (Id. at 3-7.)

8          Plaintiff filed an opposition in which he maintains he sued the Sacramento County

9   Sheriff's Department as an entity, not the Sheriff as an individual.  (ECF No. 21.)  On reply, the

10  movant Sheriff argues that plaintiff's opposition concedes the merits of his motion.  (ECF No.

11  22.)

12

**LEGAL STANDARDS**

13  **I.          Rule 12(b)(6)**

14         A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to

15  state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive, the

16  plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

17  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

18  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

19         A claim is facially plausible "when the plaintiff pleads factual content that allows the

20  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

21  Iqbal, 556 U.S. at 678.  This standard is a "context-specific task that requires the reviewing court

22  to draw on its judicial experience and common sense," Iqbal, 556 U.S. at 679, and to "draw all

23  reasonable inferences in favor of the nonmoving party."  Boquist v. Courtney, 32 F.4th 764, 773

24  (9th Cir. 2022) (quoting Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d

25  938, 945 (9th Cir. 2014)) (internal quotation marks omitted).  Stating a claim "requires more than

26  labels and conclusions, and a formulaic recitation of the elements."  Twombly, 550 U.S. at 555.

27         On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the

28  complaint by reference, as well as evidence properly subject to judicial notice.  Weston Fam.

1    P'ship LLLP v. Twitter, Inc., 29 F.4th 611, 617-18 (9th Cir. 2022).  "Ultimately, dismissal is

2    proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of

3    facts to support its claims."  Boquist, 32 F.4th at 773–74 (internal citation and quotation marks

4    omitted) (cleaned up).

5        The court may dismiss for failure to state a claim when the allegations of the complaint

6    and judicially noticeable materials establish an affirmative defense or other bar to recovery, such

7    as the expiration of the statute of limitations.  See Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th

8    Cir. 2013) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)); see also Goddard v. Google Inc.,

9    640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely

10   serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of

11   the [c]omplaint").  However, dismissal under Rule 12(b)(6) is improper if the allegations of the

12   complaint and judicially noticeable materials concerning the defense involve disputed issues of

13   fact.  ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citing Scott v.

14   Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

15       "[A] district court should grant leave to amend even if no request to amend the pleading

16   was made, unless it determines that the pleading could not possibly be cured by the allegation of

17   other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting In re Doe, 58 F.3d

18   494, 497 (9th Cir. 1995)).  A pro se litigant is entitled to notice of the deficiencies in the

19   complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by

20   amendment.  See Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

21   **II.     Fourteenth Amendment Failure to Protect from Serious Risk to Health**

22       A pretrial detainee's claims that a jail failed to protect them from serious risks to health

23   proceed under the Fourteenth Amendment and "must be evaluated under an objective deliberate

24   indifference standard."  Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018)

25   (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc)).  The

26   elements of such a deliberate indifference claim are:

27          (i) the defendant made an intentional decision with respect to the conditions under
             which the plaintiff was confined; (ii) those conditions put the plaintiff at
28          substantial risk of suffering serious harm; (iii) the defendant did not take

                                              4

1    reasonable available measures to abate that risk, even though a reasonable official
2    in the circumstances would have appreciated the high degree of risk involved—
     making the consequences of the defendant's conduct obvious; and (iv) by not
3    taking such measures, the defendant caused the plaintiff's injuries.

4    Id. at 1125.  "With respect to the third element, the defendant's conduct must be objectively

5    unreasonable, a test that will necessarily turn on the facts and circumstances of each particular

6    case."  Id.  "The mere lack of due care by a state official does not deprive an individual of life,

7    liberty, or property under the Fourteenth Amendment."  Id. (internal quotation omitted).  "Thus,

8    the plaintiff must prove more than negligence but less than subjective intent – something akin to

9    reckless disregard."  (Id. (internal quotation omitted).)

10                                   **DISCUSSION**

11   **I.      Movant's Motion to Dismiss Should Be Granted**

12          The undersigned will recommend that the Sacramento County Sheriff's motion to dismiss

13   be granted.  The parties agree that plaintiff did not name the Sacramento County Sheriff as a

14   defendant or direct any claims against him.  Indeed, it is clear from the face of the complaint that

15   plaintiff intended to sue the entity Sacramento County Sheriff's Department, not the Sheriff as an

16   individual, and plaintiff confirmed as much in his opposition.  Absent allegations directed at the

17   Sheriff, plaintiff's complaint fails to give the movant "fair notice of what the claim is and the

18   grounds upon which it rests'" in violation of Rule 8(a).  See Twombly, 550 U.S. at 555 (citations

19   omitted).  In addition, the complaint lacks a "sufficient causal connection" between the Sheriff's

20   conduct and the alleged constitutional violation to support liability under § 1983.  See Starr v.

21   Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

22   **II.     Clear Error Warrants Sua Sponte Reconsideration of the Screening Order**

23          **A.  The Screening Order Erred in Construing Plaintiff's Complaint**

24          The previously assigned magistrate judge's screening order necessitated movant's motion

25   to dismiss by, as is evident now, misconstruing plaintiff's complaint.  The relevant portion of that

26   order shows plaintiff's Fourteenth Amendment claim against defendant Sacramento County

27   Sheriff's Department was misinterpreted as alleging the Sheriff's personal participation:

28          Plaintiff's allegations that he was knowingly placed in conditions that exposed

                                             5

1    him to Covid-19 are adequate to state a Fourteenth Amendment claim. While this
court can reasonably infer that the Sacramento County Sheriff, who is responsible

2    for the county's detention facilities, was involved in the decision to place inmates
in close proximity to one another during the pandemic, plaintiff fails to

3    demonstrate that the County of Sacramento is appropriately named as a defendant.
The fact that the Sheriff runs one department in the County does not necessarily

4    establish a link between the County and the harm plaintiff complains of.

5    (ECF 8 at 5.) The order later expressly states that plaintiff "has stated a cognizable Fourteenth

6    Amendment claim against defendant Sacramento County Sheriff." (Id. at 4.) After the case was

7    reassigned, the undersigned directed service on "Sacramento County Sheriff" per the screening

8    order.[2] (ECF No. 17.) The Sacramento County Sheriff then reasonably relied on these orders in

9    returning service and filing the instant 12(b)(6) motion as a non-defendant movant.

10         With the benefit of the parties' briefing, the undersigned now finds it was clear error to

11    interpret plaintiff's complaint as raising an individual capacity claim against the Sheriff. See

12    Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008) (district courts are required to afford a pro se

13    litigant "'the benefit of any doubt' in ascertaining what claims he 'raised in his complaint and

14    *argued to the district court*'") (emphasis in original). Given this error, the undersigned will sua

15    sponte reconsider the portion of the screening order that overlooked defendants Sacramento

16    County Sheriff's Department's potential municipal liability.[3] See City of Los Angeles v. Santa

17    Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001) (holding that district court had discretion to

18    reconsider its own prior order sua sponte, and stating that "[a]ll rulings of a trial court are subject

19    to revision at any time before the entry of judgment"); Leslie Salt Co. v. United States, 55 F.3d

20    1388, 1393 (9th Cir. 1995) ("[T]he court may reconsider previously decided questions in cases in

21    which … the previous disposition was clearly erroneous and would work a manifest injustice.");

22    Payne v. Cnty. of Calaveras, No. 1:17-CV-0906 DAD SKO, 2018 WL 6593347, at *4 (E.D. Cal.

23    Dec. 14, 2018) (parties' Rule 12(b)(6) briefing spurred district judge to sua sponte reconsider

---

24    [2] The U.S. Marshal Service Form 285 attached to the waiver of service of summons also

25    identifies the defendant as "Sacramento County Sheriff." (ECF No. 19 at 2.)

26    [3] Movant argues that the court found in its screening order that plaintiff did not state any claims
against the Sacramento County Sheriff's Department. (ECF No. 22 at 1.) The undersigned

27    disagrees. As explained above, the order misconstrued the complaint as naming the Sheriff in his
individual capacity. It did not separately analyze the municipal liability of defendant Sacramento

28    County Sheriff's Department or recommend it be dismissed from the action. (See ECF No. 8.)

1  prior order); Laszloffy v. Garcia, No. 2:19-CV-1173 JAD BNW, 2024 WL 870580, at *2 (D.

2  Nev. Feb. 29, 2024) (a trial court … maintains the ability to revisit rulings like the screening

3  order and make corrections where necessary.).

### B. Plaintiff's Complaint States a Cognizable Fourteenth Amendment Claim Against Defendant Sacramento County Sheriff's Department

#### i. Legal Standard

7  Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be

8  liable for causing a constitutional deprivation.  Monell v. Dep't of Social Services, 436 U.S. 585

9  at 691, 694 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

10  However, municipalities cannot be held vicariously liable under § 1983 for the actions of their

11  employees.  Monell, 436 U.S. at 694.  "Instead, it is when execution of a government's policy or

12  custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

13  represent official policy, inflicts the injury that the government as an entity is responsible under §

14  1983."  Id.

15  To properly plead a Monell claim based on an unconstitutional custom, practice, or policy,

16  plaintiff must show that the government "had a deliberate policy, custom, or practice that was the

17  moving force behind the constitutional violation [plaintiff] suffered."  AE ex rel. Hernandez v.

18  County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted).

19  Plaintiff must also show that the policy or custom of the government "reflects deliberate

20  indifference" to plaintiff's constitutional rights.  Castro, 833 F.3d at 1073 (quotation marks and

21  citation omitted).  Unless the challenged policy is in writing, the municipal policy at issue must

22  be the result of a "'longstanding practice or custom which constitutes the standard operating

23  procedure of the local government entity.'"  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008)

24  (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)

25  (quotation omitted)).  "Liability for improper custom may not be predicated on isolated or

26  sporadic incidents; it must be founded upon practices of sufficient duration, frequency and

27  consistency that the conduct has become a traditional method of carrying out policy."  Trevino v.

28  Gates, 99 F.3d 911, 918 (9th Cir. 1996).

1                  **ii.  Analysis**

2         For screening purposes only, the undersigned finds that plaintiff's complaint states a

3   cognizable Fourteenth Amendment claim against defendant Sacramento County Sheriff's

4   Department.  First, the complaint adequately alleges that defendants' decision to "re-house" 1100

5   inmates at the already overcrowded and understaffed Main Jail put him at substantial risk of

6   contracting Covid-19.  <u>See</u> <u>Plata v. Newsom</u>, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17,

7   2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to

8   prisoners.).  The complaint offers additional facts to support the health risks, including plaintiff's

9   rehousing to the dayroom where he shared a bathroom with 60-100 other inmates for a week.  <u>Cf.</u>

10  <u>Miller v. Comm'r of Dep't of Corr.</u>, No. 1:21-CV-0176 DAD BAM PC, 2021 WL 2365004, at *4

11  (E.D. Cal. June 9, 2021) ("[I]n order to state a cognizable Fourteenth Amendment claim …

12  Plaintiff must provide more than generalized allegations that [defendants] have not done enough

13  to control the spread [of Covid-19]."), <u>report and recommendation adopted,</u> No. 1:21-CV-0176

14  DAD BAM PC, 2021 WL 2941541 (E.D. Cal. July 13, 2021).

15        In addition, the complaint contains sufficient facts to allege longstanding jail

16  overcrowding as the unconstitutional <u>Monell</u> custom or practice behind the violation of plaintiff's

17  Fourteenth Amendment right.  Plaintiff alleges that defendants' act of rehousing the inmates

18  "exacerbated an already known and well-documented overcrowding problem at the Main Jail"

19  that has been subject to prior lawsuits.  (ECF No. 1 at 5.)  In addition to overcrowding forcing

20  plaintiff's own reassignment from a cell to the dayroom, the lack of capacity at the Jail also

21  forced defendants to forgo the mandatory 10-14 day quarantine period for new intakes and

22  instead house them in the general population.  (<u>Id.</u> 7.)

23        Accordingly, upon sua sponte reconsideration of the screening order, the undersigned

24  finds plaintiff's complaint states a cognizable Fourteenth Amendment failure to protect from

25  serious health risks claim against defendant Sacramento County Sheriff's Department.  The

26  undersigned further finds that service of the complaint is appropriate and will direct plaintiff to

27  ////

28  ////

1    complete the documents necessary for the U.S. Marshal Service to effect service.[4]

2                                    **CONCLUSION**

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.      The Clerk of the Court shall randomly assign a district judge to this matter;

5          2.      Upon sua sponte reconsideration of the court's screening order, the undersigned

6    finds that plaintiff's complaint states a cognizable Fourteenth Amendment failure to protect from

7    serious risk to health claim against defendant Sacramento County Sheriff's Department, and that

8    service of the complaint is appropriate for defendant Sacramento County Sheriff's Department.

9          3.      The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an

10   instruction sheet, and a copy of the complaint filed March 10, 2023 (ECF No. 1).

11         4.      Within thirty days from the date of this order, plaintiff shall complete the attached

12   Notice of Submission of Documents and submit the following documents to the court:

13              a.   The completed Notice of Submission of Documents;

14              b.   One completed summons;

15              c.   One completed USM-285 form for defendant "**Sacramento County Sheriff's**

16                   **Department**"; and

17              d.   Two copies of the endorsed complaint filed March 10, 2023.

18         5.      Plaintiff need not attempt service on defendant and need not request waiver of

19   service.  Upon receipt of the above-described documents, the court will direct the United States

20   Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4

21   without payment of costs.

22         In addition, IT IS HEREBY RECOMMENDED that:

23         1.      Movant Sacramento County Sheriff's motion to dismiss (ECF No. 20) be

24   GRANTED; and

25   _____
     [4]  It is not necessary to join the Sacramento County Sheriff's Department as a party pursuant to
26   Rule 21 because it was never dismissed from the action.  See Docket (listing both defendant
     Sacramento County Sheriff's Department and movant Sacramento County Sheriff as parties to the
27   action); cf. Jones v. Harris, No. CV-19-5682 PHX MTL JZB, 2021 WL 2913513, at *3 (D. Ariz.
     July 12, 2021) (reinstating previously dismissed state prison director as defendant under Rules 19
28   and 21 after the district judge's sua sponte reconsideration of the screening order).

                                          9

1       2.    The Clerk of the Court terminate movant Sacramento County Sheriff from the

2 docket.

3       These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

5 days after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8 objections shall be served and filed within fourteen (14) days after service of the objections.  The

9 parties are advised that failure to file objections within the specified time may waive the right to

10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: July 21, 2025

12

13

14            SEAN C. RIORDAN

15            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REY ANTONIO RODRIGUEZ,                    No.  2:23-cv-00451 SCR P

12               Plaintiff,

13         v.                                   NOTICE OF SUBMISSION OF
                                                DOCUMENTS
14    COUNTY OF SACRAMENTO, et al.,

15               Defendants.

16

17         Plaintiff submits the following documents in compliance with the court's order filed

18    _____:

19         _____1_____      completed summons form

20         _____       completed forms USM-285

21         _____       copies of the complaint

22

23    DATED:

24

25                          _____   ___
                                                                Plaintiff
26

27

28

                                              1